UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Damien Guedes, et al.,<br>    *Plaintiffs-Appellants*,<br><br>Firearms Policy Coalition, Inc.,<br>    *Plaintiff-Appellant*,<br>  v.<br><br>Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.,<br>    *Defendants-Appellees*. | No. 19-5042<br><br>Consolidated with<br>Nos. 19-5043, 19-5044 |

**PLAINTIFFS-APPELLANTS' JOINT MOTION TO EXPEDITE AND TO SET BRIEFING AND ARGUMENT SCHEDULE IN 19-5042 AND 19-5043**

Pursuant to 28 U.S.C. § 1657(a) and D.C. Circuit Rule 27, plaintiffs-appellants in Nos. 19-5042 and 19-5043 respectfully request that the Court dispense with procedural and substantive motions and immediately commence with briefing and argument on the following expedited schedule:

| | |
|---|---|
| Plaintiffs' opening briefs: | Monday, March 4, 2019 |
| Amicus briefs: | Thursday, March 7, 2019 |
| Government's answering brief: | Monday, March 11, 2019 |
| Plaintiffs' reply briefs: | Monday, March 18, 2019 |
| Oral argument: | On/before March 22, 2019 |

1.  These appeals arise from consolidated actions in district court brought by multiple organizations and individual owners of "bump stocks" seeking declaratory and injunctive relief against the United

States of America; Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); Thomas E. Brandon; Matthew G. Whitaker; and a regulation Mr. Whitaker signed banning "Bump-Stock-Type Devices" (Final Rule). *See* No. 18-cv-2988 (D.D.C.) (lead); No. 18-cv-3083 (D.D.C.).

The Final Rule, which goes into effect on March 26, 2019, requires the owners of such devices to permanently destroy them or face severe criminal sanctions of up to 10 years' imprisonment and $250,000 in fines. *See* Bump-Stock-Type Devices, 83 Fed. Reg. 66514 (Dec. 26, 2018), http://bit.ly/2ER6BZV; Department of Justice, *Department of Justice Announces Bump-Stock-Type Devices Final Rule* (Dec. 18, 2018), https://bit.ly/2EAjkzY. Plaintiffs Guedes *et al.* in the lead case (18-cv-2988) challenged the Final Rule as violating the statutes under which it was promulgated, as well as the Administrative Procedures Act (APA). Plaintiff Firearms Policy Coalition, Inc. (FPC) in the consolidated case (18-cv-3083) challenged the rule as invalidly signed by Mr. Whitaker, because he was directed to perform the functions of the Attorney General in violation of the Appointments Clause, 28 U.S.C. § 508, and 5 U.S.C. § 3345 *et seq.*

2. On February 25, 2019, the district court issued an interlocutory order denying plaintiffs' separate motions for preliminary injunction. *See* Order, Docket Entry 26, at 1, No. 18-cv-2988 (D.D.C.). The district court rejected the Guedes plaintiffs' arguments that ATF violated the APA and the procedural requirements of 18 U.S.C. § 926(b) when it promulgated the Final Rule. *See* Memorandum Opinion, Docket Entry 27, at 2, No. 18-cv-2988 (D.D.C.). The district court also rejected plaintiff FPC's separate arguments that Matthew Whitaker lacked authority to authorize the Final Rule because he was directed to act as Attorney General in violation of the Appointments Clause and federal law. *Id.*

On the merits, the district court concluded that ATF's interpretation of "machinegun" to include bump-stock-type devices was reasonable under *Chevron*'s Step 2, and that ATF had adequately responded to the objections raised during the comment period; was not required to disclose evidence on which it had not relied when promulgating the rule; did not err in refusing to hold an oral hearing; and had, at most, committed harmless error in failing to extend the comment period after experiencing technical glitches that prevented objectors from filing their comments.

3

*Id.* at 3, 16-31. On the Whitaker-based challenge, the district court concluded that although 28 U.S.C. § 508 provides a line of succession specific to the Attorney General, 5 U.S.C. § 3345 *et seq.* gives the President broad, general discretion to depart from that Congressionally-determined line; judicial precedent and historical practice support temporary service by non-Senate confirmed officials; and Whitaker, who was previously an employee as the Chief of Staff, was either constitutionally appointed as an officer under 5 U.S.C. § 3345(a)(3) or the President was not constitutionally obligated to appoint him at all, because he was only Attorney General temporarily. *Id.* at 3-4, 33-64.

3.  Plaintiffs in each of the consolidated matters filed timely notices of appeal to this Court on February 25, 2019. *See* Notices of Appeal, Docket Entries 28 and 29, No. 18-cv-2988 (D.D.C.). This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). Aside from the instant motion, plaintiffs do not intend to file any other procedural or substantive motions and instead request that this Court commence with expedited briefing.

4. By statute, courts "shall expedite the consideration of . . . any action" for "good cause." 28 U.S.C. § 1657(a). There is good cause to expedite these appeals.

*First*, the government can easily and fully brief every single issue raised by plaintiffs in these cases. In addition to litigating the administrative issues raised by the Guedes plaintiffs in separate cases below, the government has addressed other administrative challenges to the Final Rule across the country. The government has also engaged a number of challenges to Mr. Whitaker's designation as Acting Attorney General, and should be fully prepared to engage the issue on an expedited basis here. Indeed, the same attorneys—on both sides—have litigated the same arguments in at least five separate cases. The government also has a fully reasoned opinion from the Office of Legal Counsel on the topic, *Designating an Acting Attorney General*, 42 Op. OLC __, at 9 (Nov. 14, 2018), slip op., http://bit.ly/2B3ilF8, as well as a brief written and filed by the Solicitor General of the United States in the U.S. Supreme Court, Resp. to Mot. to Substitute, *Michaels v. Whitaker*, No. 18-496 (U.S. Nov. 26, 2018).

*Second*, expedited briefing is warranted to resolve the urgent and significant issues presented by these appeals. Prompt resolution is especially needed in light of the impending March 26, 2019 deadline by which plaintiffs must permanently destroy their property or face severe criminal sanctions of up to 10 years imprisonment and $250,000 in fines, which the government agrees constitutes irreparable harm. Gov't Opp. to Mot. for PI, Docket Entry 16, at 71 n.40, No. 18-cv-2988 (D.D.C.). Moreover, plaintiffs are presently deprived of their rights to possess, transfer, and sell their property; no reasonable person would purchase an item it will soon be unlawful to possess. *E.g.*, Pl's Mot. for PI, Docket Entry 2, at 5, No. 18-cv-3083 (D.D.C.).

*Third*, the government argued at the outset of these litigations that there was no need for haste given the (initial) three months before the Final Rule's effective date. Indeed, the government refused to delay the effective date of the Final Rule, which plaintiffs had requested, even while the government benefited from litigation stays they obtained below during the furlough. They cannot now protest that they should have to brief and argue the issues expeditiously, when by their design the clock

6

continues to tick towards the March 26 implementation date—four weeks away to the day.

*Fourth*, the district judge repeated multiple times in telephonic status conferences and on the record at the hearing that her intent was to enter an appealable order at such time that the party or parties that lost below could file an appeal and resolve the issue before the Final Rule goes into effect on March 26, 2019. This motion is filed with that understanding.

In light of the irreparable harm plaintiffs are suffering and the further harm they will face by having to permanently destroy or divest themselves of their property by March 26, weighed against the lack of prejudice to the government in briefing and arguing these appeals on an expedited basis, plaintiffs respectfully request that the Court grant this motion.

5.     Plaintiffs request that this Court commence with briefing, beginning with plaintiffs filing separate opening briefs—as they did in district court—by one week from today, Monday, March 4, 2019. Plaintiffs' proposed briefing schedule would provide the government with two weeks (until Monday, March 11, 2019) to file a combined answering

7

brief—as they requested before the district court—and leave plaintiffs with one week thereafter to file their separate replies (until Monday, March 18, 2019). Plaintiffs preemptively consent to an anticipated request by the government for leave to file a brief in excess of the page limit, as the parties agreed in district court, so the government may fully address the arguments made in the two briefs plaintiffs in each appealed case will file.

6. Plaintiffs request that this Court then hold oral argument by Friday, March 22, 2019. Given that Mr. Whitaker's Rule goes into effect only four days later, on Tuesday, March 26, plaintiffs believe that this schedule gives the parties and the Court the maximum possible amount of time to resolve the case before the Final Rule takes effect, at which point plaintiffs will be permanently deprived of their property.

7. Counsel for these plaintiff-appellants contacted the government requesting their concurrence in the relief sought. Counsel for the government stated that they intend to oppose the motion to expedite the appeal.

Dated: February 26, 2019

Respectfully submitted,

By: /s/ Thomas C. Goldstein

Joshua Prince
Joshua@princelaw.com
Adam Kraut
AKraut@princelaw.com
CIVIL RIGHTS DEFENSE FIRM, P.C.
Bechtelsville, PA 19505
(610) 845-3803

*Attorneys for Plaintiffs-Appellants Damien Guedes, Shane Roden, Firearms Policy Foundation, Madison Society Foundation, Inc., and Florida Carry, Inc.*

Thomas C. Goldstein
TGoldstein@goldsteinrussell.com
Daniel Woofter
DHWoofter@goldstein-russell.com
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362-0636

*Attorneys for Plaintiff-Appellant Firearms Policy Coalition, Inc.*

9

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point New Century Schoolbook LT Std., a proportionally spaced font, and that it complies with the type volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1,416 words, according to the count of Microsoft Word.

/s/ Thomas C. Goldstein
Thomas C. Goldstein

*Attorney for Plaintiff-Appellant Firearms Policy Coalition, Inc.*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rules 27(a)(4) and 28(a)(1), undersigned counsel hereby certifies as follows:

**(A) Parties and *Amici*.** The defendants in district court, and appellees here, are: Matthew G. Whitaker, in his official capacity; the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, an agency of the Department of Justice; Thomas E. Brandon, in his official capacity; and the United States of America. The plaintiffs in district court, and appellants here, are: Damien Guedes; Firearms Policy Coalition, Inc.; Firearms Policy Foundation; Madison Society Foundation, Inc.; Shane Roden; and Florida Carry, Inc. David Codrea, Owen Monroe, and Scott Heuman were plaintiffs in a related case in the district court and are appellants in a case that has been consolidated with the instant case (No. 19-5044). No *amicus curiae* appeared in the district court.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, undersigned counsel states that Firearms Policy Coalition, Inc.; Firearms Policy Foundation; Madison Society Foundation, Inc.; and Florida Carry, Inc. have no parent companies and no publicly held company has a 10% or greater ownership interest in the entity. The general

nature and purpose of these entities insofar as relevant to the litigation is defending the United States Constitution and the People's rights, privileges, and immunities deeply rooted in the Nation's history and tradition, especially the fundamental right to keep and bear arms.

**(B)** **Rulings Under Review.** Under review in this appeal are an order and memorandum entered on February 25, 2019, in the U.S. District Court for the District of Columbia, No. 1:18-cv-02988-DLF, ECF Nos. 26 and 27. The matter was before U.S. District Judge Dabney L. Friedrich.

**(C)** **Related Cases.** The case on review was not previously before this Court. The following cases involve some of the same parties and/or the same or similar issues as presented in this appeal: *In re Grand Jury Investigation* (D.C. Cir. 18-3052, oral argument held Nov. 8, 2018, before Judges Henderson, Rogers, and Srinivasan), *United States ex rel. Landis v. Tailwind Sports Corp.* (D.C. Cir. No. 18-7143), *Blumenthal v. Whitaker* (D.D.C. No. 1:18-cv-02644), *O.A. v. Trump* (D.D.C. No. 1:18-cv-02718), *Michaels v. Whitaker* (D.D.C. No. 1:18-cv-02906), *Codrea v. Whitaker* (D.D.C. No. 1:18-cv-03086).

To the best of undersigned counsel's knowledge, there are no other related cases pending before this Court, any other U.S. court of appeals, or any local or federal court in the District of Columbia.

/s/ Thomas C. Goldstein  
Thomas C. Goldstein

*Attorney for Plaintiff-Appellant Firearms Policy Coalition, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2019, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system on participants in the case who are registered CM/ECF users. I further certify that I caused a copy of the foregoing to be deposited with a third-party commercial carrier for overnight delivery addressed to the following:

DOJ Appellate Counsel
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-2000

/s/ Thomas C. Goldstein
Thomas C. Goldstein

*Attorney for Plaintiff-Appellant Firearms Policy Coalition, Inc.*