**[ORAL ARGUMENT NOT SCHEDULED]**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| **DAMIEN GUEDES, et al.,**<br>　Plaintiffs-Appellants,<br><br>v.<br><br>**BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.,**<br>　Defendants-Appellees. | **Consolidated Case Nos. 19-5042, 19-5043, 19-5044** |

**GOVERNMENT'S OPPOSITION TO PLAINTIFFS'
JOINT MOTION TO EXPEDITE**

The government hereby opposes plaintiffs' joint motion to expedite briefing and oral argument. The motion would require these consolidated appeals—which present important questions concerning the validity of a federal firearms regulation as well as the President's designation of an Acting Attorney General—to be briefed, argued, and decided by this Court in less than 30 days. Plaintiffs' rationale for such extreme expedition is that the regulation will go into effect on March 26, 2019. But, having failed to obtain a preliminary injunction against the regulation in district court, the proper procedural mechanism for plaintiffs to seek relief from the regulation pending future litigation is to file an emergency motion for injunctive relief pending appeal. Plaintiffs cannot evade meeting the standards for that extraordinary relief by simply asking this Court for an incredibly accelerated schedule on their appeal, which

would not provide sufficient time for the government to brief the issues and, more importantly, would deprive this Court of adequate time to deliberate and resolve them. That said, the government is prepared to expedite briefing and oral argument in this case, but respectfully requests thirty days to file its responsive brief, with argument to be heard at the Court's convenience thereafter. If plaintiffs believe they are entitled to relief before March 26, 2019, they are of course instead free to try to satisfy the requirements for injunctive relief pending appeal.

  1. Plaintiffs in these consolidated cases challenge a final rule, Bump-Stock-Type Devices, 83 Fed. Reg. 66514 (Dec. 26, 2018), interpreting the term "machine gun" as used in the National Firearms Act and the Firearm Owners Protection Act to include "bump stocks," devices that "replace[] a semiautomatic rifle's standard stock—the part of the rifle that rests against the shooter's shoulder—and enable[] the shooter to achieve a faster firing rate," District Court Op. 7. The rule is scheduled to go into effect on March 26, 2019.

  On February 25, 2019, after full briefing and oral argument, the district court upheld the rule, holding that it is consistent with the Administrative Procedure Act (APA) and was validly issued by then-Acting Attorney General Whitaker. All three sets of plaintiffs immediately filed notices of appeal, and this Court consolidated the cases on February 26.

  2. Two sets of plaintiffs have now filed a motion to expedite full briefing and oral argument in these cases on an extremely compressed timeline. Under plaintiffs'

proposed schedule, the government would be required to file its brief just seven days after the filing of plaintiffs' opening brief, and a mere four days after the filing of amicus briefs, in a case involving multiple significant statutory and constitutional issues that will require extensive review of the government's brief within the Department. Contrary to plaintiffs' suggestions, such review is not obviated by the fact that—as is often the case—some (though not all) of the government's attorneys were involved in the district court litigation, given the common refinement of arguments on appeal, including the need to respond to whatever new arguments plaintiffs make in response to the district court's comprehensive opinion. And that is particularly true here, where there is new leadership in the Department since the district court filings. Moreover, plaintiffs would require the government to respond to (at least) two separate full-length opening briefs in that very limited timeframe, while providing themselves a full seven days for their reply briefs. Even more remarkably, plaintiffs' schedule then calls for this Court to hear argument within three days after the completion of briefing and to issue a decision no later than four calendar days thereafter (including an intervening weekend).

This Court should reject plaintiffs' attempts to force the government and the Court to proceed at this breakneck pace. Although plaintiffs contend that they will be irreparably harmed if the rule goes into effect on March 26, the appropriate remedy when an appellant claims to face irreparable harm before the appellate process runs its course is to seek an injunction pending appeal. Plaintiffs nowhere explain why they

3

cannot seek that relief from the district court and, if necessary, from this Court. Nor should they be allowed to end run the properly heavy burden for obtaining such relief without plenary review of the district court, by trying to expedite their underlying appeal to an unreasonable degree. If this Court were to conclude that an injunction pending appeal is not warranted, then such significant expedition of the underlying appeal is not appropriate; and, if this Court were to conclude that an injunction pending appeal is warranted, then such significant expedition of the underlying appeal is unnecessary.

    3. If plaintiffs seek an injunction pending appeal in this Court, the government is prepared to file its opposition within seven days of the filing, providing ample time for this Court to decide whether to grant an injunction pending appeal before March 26. And if this Court were to decide to hold argument on such a motion, the government agrees with plaintiffs that March 22 would be an appropriate date.

    4. As explained, the government does not consent to plaintiffs' proposed schedule for briefing of the appeal itself. The government would, however, consent to an expedited schedule that permits the Court to hear this appeal in May 2019. For example, if plaintiffs file their opening briefs by March 27, the government could file its response brief by April 26, with oral argument to be held in May.

    5. Finally, the government also opposes any attempt on plaintiffs' part to file separate briefs in this appeal, unless the government either is permitted to file two separate response briefs or is granted a commensurate extension of word limits.

Respectfully submitted,

s/ Abby C. Wright
ABBY C. WRIGHT
 (202) 514-0664
Attorney
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 7252
Washington, D.C.  20530

FEBRUARY 2019

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,019 words, according to the count of Microsoft Word.

    /s/ Abby C. Wright
Abby C. Wright
Counsel for defendants
Abby.wright@usdoj.gov

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rules 27(a)(4) and 28(a)(1), undersigned counsel hereby certifies as follows:

### (A) Parties and *Amici*

The defendants in district court in these consolidated appeals, and appellees here, are William Barr, in his official capacity; the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives; Thomas E. Brandon, in his official capacity; and the United States of America. The plaintiffs in district court, and appellants here, are Damien Guedes; Firearms Policy Coalition, Inc.; Firearms Policy Foundation; Madison Society Foundation, Inc.; Shane Roden; Florida Carry, Inc.; David Codrea, Owen Monroe, and Scott Heuman.

No *amicus curiae* appeared in the district court.

### (B) Rulings Under Review

The rulings under review are an order and memorandum entered on February 25, 2019, by Judge Dabney L. Friedrich, in the U.S. District Court for the District of Columbia, No. 1:18-cv-02988-DLF, Dkt Nos. 26 and 27.

### (C) Related Cases

The consolidated cases on review were not previously before this Court. The following cases involve similar challenges to the appointment of Acting Attorney General Whitaker: *In re Grand Jury Investigation* (D.C. Cir. 18-3052, oral argument held Nov. 8, 2018, before Judges Henderson, Rogers, and Srinivasan), *United States ex rel.*

*Landis v. Tailwind Sports Corp.* (D.C. Cir. No. 18-7143), *Blumenthal v. Whitaker* (D.D.C. No. 1:18-cv-02644), *O.A. v. Trump* (D.D.C. No. 1:18-cv-02718), *Michaels v. Whitaker* (D.D.C. No. 1:18-cv-02906), *Codrea v. Whitaker* (D.D.C. No. 1:18-cv-03086).

                                                s/ *Abby C. Wright*
                                                Abby C. Wright
                                                Counsel for defendants
                                                Abby.Wright@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2019, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system. I also certify that I will cause paper copies to be hand delivered to the Court on February 27, 2019.

                                          s/ *Abby C. Wright*
                                          Abby C. Wright
                                          Counsel for defendants
                                          Abby.Wright@usdoj.gov