# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 19-5042**  September Term, 2018

1:18-cv-02988-DLF
1:18-cv-03086-DLF

**Filed On:** March 1, 2019

Damien Guedes, et al.,

    Appellants

Firearms Policy Coalition, Inc.,

    Appellee

    v.

Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.,

    Appellees

------------------------------

Consolidated with 19-5043, 19-5044

**BEFORE:** Henderson*, Srinivasan, and Millett, Circuit Judges

## O R D E R

Upon consideration of the motion to expedite, the response thereto, the notice of joinder, and the reply, it is

**ORDERED** that the following briefing schedule will apply:

| | |
|---|---|
| Appellants' Briefs (not to exceed a combined total of 19,500 words) | March 4, 2019 |
| Appendix | March 4, 2019 |

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 19-5042**                                    September Term, 2018

| | |
|---|---|
| Appellees' Brief (not to exceed 19,500 words) | March 13, 2019 |
| Appellants' Reply Briefs (not to exceed a combined total of 9,750 words) | March 15, 2019 |

It is **FURTHER ORDERED** that oral argument be scheduled before this panel on Friday, March 22, 2019, commencing at 9:30 a.m.

In view of the expedited nature of the appeal, no requests for extensions of time will be considered. Appellants are urged to coordinate the preparation of their briefs in an effort to limit any duplication. See D.C. Circuit Handbook of Practice and Internal Procedures 37 (2018).

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 41 (2018); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

The parties are directed to hand-deliver the paper copies of their submissions to the court by 4:00 p.m. on the date due.

**Per Curiam**

\*A statement by Circuit Judge Henderson, dissenting from this order, is attached.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 19-5042**                                              **September Term, 2018**

Karen LeCraft Henderson, Circuit Judge, *dissenting*: The appellants in this case make an extraordinary request: they want us to order briefing, hear argument and issue an opinion all within the next three weeks. An extraordinary request calls for an extraordinary showing. But the appellants fail to demonstrate, or even try to demonstrate, that their appeal clears the high bar for expedited consideration.

There is an orderly and established set of procedures for expediting appeals. D.C. Cir. R. 47.2; D.C. Circuit Handbook of Practice and Internal Procedure § VIII.B, at 33 (2018). Among them, an appellant may file a motion for expedited consideration of his appeal. The standard for such relief is stringent. D.C. Circuit Handbook at 33. "The movant must demonstrate that the delay will cause irreparable injury and that the decision under review is subject to substantial challenge." Id. (emphasis added). We may also—in rare circumstances—"expedite cases in which the public generally, or in which persons not before the Court, have an unusual interest in prompt disposition." Id.

These settled principles require the denial of the motion for expedition sub judice. The government conceded in district court that the appellants will suffer irreparable injury if the regulation at issue in this case goes into effect. Opp'n to Plaintiffs' Mot. for Prelim. Inj. at 71 n.40, Guedes, et al. v. ATF, et al., No. 1:18-cv-02988 (D.D.C. 2019), ECF No. 16. But the appellants make no effort to demonstrate "that the decision under review is subject to substantial challenge." D.C. Circuit Handbook at 33. Indeed, their motion neither discusses the merits of the case nor explains how the district court erred. Although they describe the issues as "urgent and significant," Mot. to Expedite at 6, their total emphasis is on expedition. The appellants have forfeited any argument that their appeal raises a substantial challenge to the district court's sixty-four page order and have thus failed to meet the stringent standard for expedited consideration. Order, Purepac Pharm. Co. v. Thompson, No. 02-5410, 2003 WL 174023 (D.C. Cir. Jan. 21, 2003) (denying motion for expedition because appellant failed to "demonstrate that delay will cause irreparable injury and that the decision under review is subject to substantial challenge"); Order, Northpoint Tech., Ltd. v. FCC, No. 02-1194, 2002 WL 31011256 (D.C. Cir. Aug. 29, 2002) (same); see also N.Y. Rehab. Care Mgmt., LLC v. NLRB, 506 F.3d 1070, 1076 (D.C. Cir. 2007) (party forfeits argument by failing to brief it or by mentioning it only "in the most skeletal way" (quoting Schneider v. Kissinger, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005))). I believe their motion should be denied and, accordingly, respectfully dissent.