**[ORAL ARGUMENT SCHEDULED MARCH 22, 2019]**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| **DAMIEN GUEDES, et al.,**<br>  Plaintiffs-Appellants,<br><br>v.<br><br>**BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.,**<br>  Defendants-Appellees. | **Consolidated Case Nos. 19-5042, 19-5043, 19-5044** |

**JOINT MOTION TO DIVIDE ORAL ARGUMENT**

The parties hereby respectfully request that this Court permit two attorneys per side to argue in this case, scheduled for oral argument on March 22, 2019, before Judges Henderson, Srinivasan, and Millett.

1. Three sets of plaintiffs in these consolidated cases challenge a final rule, Bump-Stock-Type Devices, 83 Fed. Reg. 66514 (Dec. 26, 2018) (Rule), interpreting the term "machine gun" as used in the National Firearms Act. Plaintiffs challenge the rule both as unlawful on its own terms and as invalid because it was issued by Acting Attorney General Whitaker. The district court denied plaintiffs' requests for preliminary relief, and plaintiffs appealed.

2. On March 1, this Court entered an order setting an expedited briefing schedule and oral argument for March 22. Plaintiffs filed separate opening briefs on

March 3 and March 4. On March 7, this Court entered an order setting oral argument at 15 minutes per side and directing that one attorney per side would argue.

3. The parties jointly request that two counsel per side, dividing time equally, be permitted to argue. Divided argument would be most efficient for the parties, as well as the Court. Indeed, plaintiffs-appellants represent to the Court that it would be exceedingly difficult for a single attorney to address both sets of issues appropriately.

One of the appeals, No. 19-5043, challenges the Rule solely on the basis that it was authorized by Matthew Whitaker. Indeed, the complaint underlying that case did not raise any of the non-Whitaker based challenges. The other two appeals, Nos. 19-5042 and 19-5044, raise substantially overlapping challenges to the Rule based on the Administrative Procedures Act, *Chevron*, and more. And, as to these latter two, the first does not challenge the Rule based on Mr. Whitaker's authorization at all (indeed, their Amended Complaint does not raise the claim), and the second defers to the Whitaker briefing in No. 19-5043, as it did in briefing before the district court.

Different attorneys briefed and argued the two sets of issues before the district court, and thus this Court, as well as the parties, are best served by separately arguing the issues again here. Plaintiffs-appellants have agreed on the two attorneys who would argue the two sets of issues here, if the Court were to grant the joint motion— Tom Goldstein to argue the Whitaker-based issues, Erik Jaffe to argue all of the non-Whitaker based issues. Thus, plaintiffs-appellants respectfully request that this Court grant it divided argument.

The government also requests that it be permitted to divide its oral argument time. Because of the expedited schedule, a number of appellate attorneys have been assigned to work on the government's response brief, and those attorneys have divided the work of the brief along the lines plaintiffs-appellants have; that is, one group of government attorneys has assumed primary responsibility for the Whitaker issues and another has assumed primary responsibility for the challenges to the substance of the Rule. The government would therefore propose to have Hashim Mooppan argue the Whitaker issues and Brad Hinshelwood argue the remaining issues.

4. If this motion is granted, the four counsel presenting oral argument are prepared to present argument on the issues in whatever sequence the panel determines would be most helpful to it.

Respectfully submitted,

/s/ Erik S. Jaffe
ERIK S. JAFFE
Schaerr | Jaffe LLP
1717 K Street NW
Suite 900
Washington, DC 20006
202-787-1060 (t)
ejaffe@schaerr-jaffe.com
*Co-Counsel for Damien Guedes,
Shane Roden, Firearms Policy
Foundation,
Madison Society Foundation and
Florida Carry, Inc.*

/s/ Abby C. Wright
ABBY C. WRIGHT
 (202) 514-0664
Attorney
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave., NW, Rm. 7252
Washington, DC 20530
Abby.Wright@usdoj.gov
*Counsel for Defendants-Appellees*

/s/ Thomas C. Goldstein
THOMAS C. GOLDSTEIN
Goldstein & Russell, P.C.
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362-0636
tgoldstein@goldsteinrussell.com
*Counsel for Plaintiff-Appellant*
*Firearms Policy Coalition, Inc.*

/s/ Stephen D. Stamboulieh
STEPHEN D. STAMBOULIEH
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS 39130
(610) 852-3440
stephen@sdslaw.us
*Counsel for Appellants David Codrea,*
*Scott Heuman and Owen Monroe*

MARCH 2019

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 716 words, according to the count of Microsoft Word.

        /s/ Abby C. Wright
Abby C. Wright
Counsel for defendants
Abby.wright@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2019, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

                                              s/ *Abby C. Wright*
                                              Abby C. Wright
                                              Counsel for defendants
                                              Abby.Wright@usdoj.gov