Nos. 19-5042, 19-5043, 19-5044 (Consolidated Appeals)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

DAMIEN GUEDES, FIREARMS POLICY FOUNDATION, MADISON SOCIETY FOUNDATION, INC., SHANE RODEN, FLORDIA CARRY, INC., FIREARMS POLICY COALITION, INC.,

*Plaintiffs-Appellants*,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, WILLIAM P. BARR, ATTORNEY GENERAL OF THE UNITED STATES, THOMAS E. BRANDON, ACTING DIRECTOR OF THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, THE UNITED STATES OF AMERICA,

*Defendants-Appellees*.

———

On Appeal from the United States District Court
for the District of Columbia
Case Nos. 1:18-cv-02988-DLF, 1:18-cv-03086-DLF

# MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF APPELLANTS

———

Steve Simpson
  *Counsel of Record*
Mark Chenoweth
Caleb Kruckenberg
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC 20036
(202) 869-5210
Steve.Simpson@ncla.legal

*Counsel for Amici Curiae*

## Interests of Amici Curiae and Reasons Why the Brief Is Desirable

The New Civil Liberties Alliance (NCLA) respectfully moves for leave to file the attached amici curiae brief. *See* D.C. Circuit Rule 29(a)(3). All appellants have consented to the filing of this brief. Appellees oppose the filing of this brief.

NCLA is a nonprofit civil-rights organization and public-interest law firm devoted to defending constitutional freedoms. The "civil liberties" of the organization's name include rights at least as old as the U.S. Constitution itself, such as jury trial, due process of law, the right to be tried in front of an impartial and independent judge, and the right to live under laws made by the nation's elected lawmakers through constitutionally prescribed channels. Yet these selfsame rights are also very contemporary—and in dire need of renewed vindication—precisely because Congress, federal administrative agencies, and sometimes even the courts have trampled them for so long.

NCLA views the administrative state as an especially serious threat to civil liberties. No other current aspect of American law denies

1

more rights to more Americans. Although Americans still enjoy the shell of their Republic, there has developed within it a very different sort of government—a type, in fact, that the Constitution was designed to prevent.[1] This unconstitutional administrative state within the Constitution's United States is the focus of NCLA's attention.

In this case, NCLA is particularly concerned with the district court's decision to eschew its fundamental duty "to say what the law is," *Marbury v. Madison*, 5 U.S. 137 (1803) by deferring to the Bureau of Alcohol, Tobacco, Firearms and Explosives' (ATF) interpretation of the National Firearms Act pursuant to *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Because the statute is criminal in nature, and was promulgated by the very agency responsible for criminally prosecuting alleged violations, not even the ATF asked the district court to defer to its interpretation. Nevertheless, the weight of deference doctrines caused the district court to improperly sustain the validity of the challenged regulation and thereby depart from its judicial duty and deny the due process of law.

---

[1] *See generally* Philip Hamburger, *Is Administrative Law Unlawful?* (2014)

2

W. Clark Aposhian is a resident of Utah, who lawfully acquired a bump stock device in reliance on the ATF's prior determination that the device "is a firearm part and is not regulated as a firearm under [the] Gun Control Act or the National Firearms Act." Mr. Aposhian continues to possess his Slide Fire device for lawful purposes, but has been directed by the ATF "to destroy the device[] or abandon [it] at an ATF office prior to" "March 26, 2019." *Bump-Stock-Type Devices*, 83 Fed. Reg. 66514, 66555 (Dec. 26, 2018). Mr. Aposhian has challenged this rule in the United States District Court for the District of Utah, in case Number 19-cv-00037-JNP.

NCLA files this brief on its own behalf and on behalf of Mr. Aposhian.

## CONCLUSION

The motion for leave to file an amici curiae brief should be granted.

                                        Respectfully,

                                        */s/ Steve Simpson*
                                        Steve Simpson
Mark Chenoweth
Caleb Kruckenberg
New Civil Liberties Alliance
1225 19th St. NW
Suite 450
Washington, DC 20036
(202) 869-5210
*Counsel for Amici Curiae*

March 11, 2019

4

## Certificate of Service

I certify that this document has been filed with the clerk of the court and served by ECF or e-mail on March 11, 2019. All participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Respectfully,

*/s/ Steve Simpson*
Steve Simpson
New Civil Liberties Alliance
1225 19th St. NW
Suite 450
Washington, DC 20036
(202) 869-5210
*Counsel for Amici Curiae*