ORAL ARGUMENT SCHEDULED FOR MARCH 22, 2019

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Damien Guedes, et al., *Plaintiffs-Appellants*, Firearms Policy Coalition, Inc., CA 18-3083 *Plaintiff-Appellee*, v. Bureau of Alcohol, Tobacco, Firearms and Explosives, et al., *Defendants-Appellees*. | No. 19-5042 Consolidated with Nos. 19-5043, 19-5044 |

## MOTION TO EXCEED LENGTH LIMIT

Plaintiff-appellant Firearms Policy Coalition, Inc. (FPC) respectfully moves this Court for leave to exceed the length limit by 1,863 words for FPC's reply. This is the exact number of words the Government used in Section II.C of its response brief raising the new "ratification" argument, and FPC will only use the additional words to reply to that argument. "Compelling reasons" exist for such relief. *See* Circuit Rule 27(h)(3).

After this Court set the word limits and each of the plaintiffs-appellants filed their opening briefs, Attorney General William Barr purported to ratify the rule—indeed, the ratification was entered on the Federal Register the same day as the Government filed its response in opposition.

The purpose of ratifying the rule was to moot FPC's challenge to Matthew Whitaker's designation. And the Government now raises an entirely new argument that this Court should no longer consider the merits of FPC's challenge.

Plaintiffs-appellants in the consolidated actions previously agreed to use half of the words they settled upon for their opening briefs. For FPC, this means 4,152 words for its reply, which is already substantially shorter than the 6,500 words (less than two thirds) typically permitted for a merits reply under the federal rules. *See* Fed. R. App. P. 32(a)(7)(B)(ii). As a result, FPC already has had to substantially constrain its merits arguments.

Now, with only a day and a half to spare, FPC must address an entirely new argument the Government makes based on a situation it only just created. FPC has attempted to stay within the limits initially set out by the Court, but simply cannot fully address both the merits and the ratification arguments the Government now raises for the first time. Moreover, FPC cannot fairly ask the other plaintiffs-appellants to cede their word count for its benefit, given that the ratification argument in no way affects anyone else's briefing, and especially since they, too, have

had difficulty staying within the limitations set forth by the Court. Notably, even with the additional 1,863 words necessary to address the Government's new ratification argument—which FPC fully admits is important for this Court to consider—the total length would still be less than that typically permitted under the rules.

At the Government's request, FPC includes the following: "The Government takes no position on FPC's motion for an expansion of the word count for its brief that is equivalent to the words the Government spent on ratification, with the caveats that (1) the Government would request that, if the Court were to grant the extension, it should prohibit plaintiffs from using any of the extra allotment for any issue other than ratification, and (2) the Government would note that it addressed ratification within the existing word limits and thus correspondingly reduced the words used on other issues in its brief."

Dated: March 14, 2019　　　　　　Respectfully submitted,

By: /s/ Daniel Woofter

    Thomas C. Goldstein
    TGoldstein@goldsteinrussell.com
    Daniel Woofter
    DHWoofter@goldsteinrussell.com
    GOLDSTEIN & RUSSELL, P.C.
    7475 Wisconsin Avenue
    Suite 850
    Bethesda, MD 20814
    (202) 362-0636

    *Attorneys for Plaintiff-Appellant Firearms Policy Coalition, Inc.*

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point New Century Schoolbook LT Std., a proportionally spaced font, and that it complies with the type volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 472 words, according to the count of Microsoft Word.

/s/ Daniel Woofter
Daniel Woofter

*Attorney for Plaintiff-Appellant Firearms Policy Coalition, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2019, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. All participants in the case are registered CM/ECF users, and service of the public version will be accomplished by the appellate CM/ECF system.

/s/ Daniel Woofter
Daniel Woofter

*Attorney for Plaintiff-Appellant
Firearms Policy Coalition, Inc.*