**§§ 49.4263–1 through 49.4263–4 [Removed and Reserved]**

■ **Par. 228.** Sections 49.4263–1 through 49.4263–4 are removed and reserved.

**§ 49.4263–6 [Removed]**

■ **Par. 229.** Section 49.4263–6 is removed.

## PART 54—PENSION EXCISE TAXES

■ **Par. 230.** The authority citation for part 54 continues to read in part as follows:

   **Authority:** 26 U.S.C. 7805 * * *

**§ 54.4972–1 [Removed]**

■ **Par. 231.** Section 54.4972–1 is removed.

**§ 54.4981A–1T [Removed]**

■ **Par. 232.** Section 54.4981A–1T is removed.

## PART 55—EXCISE TAX ON REAL ESTATE INVESTMENT TRUSTS AND REGULATED INVESTMENT COMPANIES

■ **Par. 233.** The authority citation for part 55 is amended by removing the entry for § 55.4981–1 to read in part as follows:

   **Authority:** 26 U.S.C. 6001, 6011, 6071, 6091, and 7805 * * *

**§ 55.4981–1 [Removed and Reserved]**

■ **Par. 234.** Section 55.4981–1 is removed and reserved.

**§ 55.4981–2 [Amended]**

■ **Par. 235.** Section 55.4981–2 is amended by removing the third sentence.

## PART 148—CERTAIN EXCISE TAX MATTERS UNDER THE EXCISE TAX TECHNICAL CHANGES ACT OF 1958

■ **Par. 236.** Under the authority of 26 U.S.C. 7805, part 148 is removed.

## PART 301—PROCEDURE AND ADMINISTRATION

■ **Par. 237.** The authority citation for part 301 is amended by removing the entries for §§ 301.6241–1T and 301.6245–1T to read in part as follows:

   **Authority:** 26 U.S.C. 7805 * * *

**§ 301.6035–1 [Removed]**

■ **Par. 238.** Section 301.6035–1 is removed.

**§ 301.6048–1 [Removed]**

■ **Par. 239.** Section 301.6048–1 is removed.

**§ 301.6096–2 [Removed]**

■ **Par. 240.** Section 301.6096–2 is removed.

**§ 301.6241–1T [Removed]**

■ **Par. 241.** Section 301.6241–1T is removed.

**§ 301.6245–1T [Removed]**

■ **Par. 242.** Section 301.6245–1T is removed.

**§§ 301.6501(o)–1 through 301.6501(o)–3 [Removed]**

■ **Par. 243.** Sections 301.6501(o)–1 through 301.6501(o)–3 are removed.

**§ 301.6511(d)–7 [Removed]**

■ **Par. 244.** Section 301.6511(d)–7 is removed.

**§ 301.6511(g)–1 [Removed]**

■ **Par. 245.** Section 301.6511(g)–1 is removed.

**§ 301.6723–1A [Removed]**

■ **Par. 246.** Section 301.6723–1A is removed.

## PART 404—TEMPORARY REGULATIONS ON PROCEDURE AND ADMINISTRATION UNDER THE TAX REFORM ACT OF 1976

■ **Par. 247.** The authority citation for part 404 continues to read as follows:

   **Authority:** Sec. 7805, Internal Revenue Code of 1954 (68A Stat. 917; 26 U.S.C. 7805).

**§ 404.6048–1 [Removed and Reserved]**

■ **Par. 248** Section 404.6048–1 is removed and reserved.

## PART 601—STATEMENT OF PROCEDURAL RULES

■ **Par. 249.** The authority citation for part 601 continues to read in part as follows:

   **Authority:** 5 U.S.C. 301 and 552 * * *

**§ 601.201 [Amended]**

■ **Par. 250.** Section 601.201 is amended by removing ''§ 1.401–4(c) of the Income Tax Regulations'' and adding ''§ 1.401(a)(4)–5 of this chapter'' in its place in paragraph (q)(2)(ii).

## PART 602—OMB CONTROL NUMBERS UNDER THE PAPERWORK REDUCTION ACT

■ **Par. 251.** The authority citation for part 602 continues to read as follows:

   **Authority:** 26 U.S.C. 7805.

**§ 602.101 [Amended]**

■ **Par. 252.** Section 602.101 is amended by removing the entries for §§ 1.23–5, 1.42–2, 1.46–11, 1.56–1, 1.56A–1 through 1.56A–5, 1.58–9(c)(5)(iii)(B), 1.58–9(e)(3), 1.61–2T, 1.103–15AT, 1.103–18, 1.103(n)–2T, 1.103(n)–4T, 1.132–1T, 1.132–2T, 1.132–5T, 1.168(f)(8)–1T, 1.177–1, 1.341–7, 1.401–12(n), 1.404(a)–4, 1.412(b)–5, 1.453–10, 1.453A–2, 1.475(b)–4, 1.551–4, 1.552–3 through 1.552–5, 1.556–2, 1.586–2, 1.593–1, 1.593–6, 1.593–6A, 1.593–7, 1.595–1, 1.821–1, 1.821–3, 1.821–4, 1.823–2, 1.823–5, 1.823–6, 1.825–1, 1.831–4, 1.921–3T, 1.923–1T, 1.924(a)–1T, 1.925(a)–1T, 1.925(b)–1T, 1.926(a)–1T, 1.927(b)–1T, 1.927(d)–1, 1.927(e)–1T, 1.927(e)–2T, 1.927(f)–1, 1.962–4, 1.1034–1, 1.1247–1, 1.1247–2, 1.1247–4, 1.1247–5, 1.1492–1, 1.1494–1, 1.6035–1, 1.6035–3, 1.6049–7T, 1.6050H–1T, 1.6654–4, 5c.168(f)(8)–1, 5c.168(f)(8)–2, 5c.168(f)(8)–6, 5c.168(f)(8)–8, 5f.103–3, 16.3–1, 31.3121(k)–4, 48.4041–18, 48.4091–3, 54.4972–1, 54.4981A–1T, 301.6035–1, 301.6241–1T, 301.6501(o)–2, 301.6723–1A(d), and 404.6048–1.

**Kirsten Wielobob,**
*Deputy Commissioner for Services and Enforcement.*

   Approved: November 27, 2018.

**David J. Kautter,**
*Assistant Secretary of the Treasury (Tax Policy).*

[FR Doc. 2019–03474 Filed 3–11–19; 4:15 pm]

**BILLING CODE 4830–01–P**

---

# DEPARTMENT OF JUSTICE

**Bureau of Alcohol, Tobacco, Firearms, and Explosives**

**27 CFR Parts 447, 478, and 479**

[Docket No. 2018R–22F; AG Order No. 4406–2019]

**RIN 1140–AA52**

## Bump-Stock-Type Devices

**AGENCY:** Bureau of Alcohol, Tobacco, Firearms, and Explosives; Department of Justice.

**ACTION:** Final rule; ratification.

**SUMMARY:** The Attorney General is ratifying a final rule, published in the **Federal Register** on December 26, 2018, that amended the definition of ''machinegun'' (or ''machine gun'') in Department of Justice regulations. The ratification is issued as a prudential matter in light of pending litigation.

**DATES:** March 14, 2019.

**FOR FURTHER INFORMATION CONTACT:** Vivian Chu, Office of Regulatory Affairs, Enforcement Programs and Services, Bureau of Alcohol, Tobacco, Firearms, and Explosives, U.S. Department of Justice, 99 New York Ave. NE, Washington, DC 20226; telephone: (202) 648–7070.

**SUPPLEMENTARY INFORMATION:** On December 26, 2018, the Department of Justice published a final rule in the

**Federal Register** that amended the definition of ''machinegun'' (or ''machine gun'') contained in 27 CFR 447.11, 478.11, and 479.11. *See* 83 FR 66514. That final rule, which was adopted after the publication of a notice of proposed rulemaking in the **Federal Register** and a period of public comment, was signed by Acting Attorney General Matthew G. Whitaker on December 18, 2018.

That final rule has become the subject of litigation in which parties have argued that Mr. Whitaker was not validly serving as the Acting Attorney General, as either a statutory or constitutional matter.

On February 14, 2019, I was sworn in as Attorney General following confirmation by the Senate and appointment by the President. Although I believe that the challenges to Mr. Whitaker's designation lack merit, I elected, out of an abundance of caution, to independently reevaluate the above-mentioned rule and the underlying rulemaking record.

Having now familiarized myself with the rulemaking record that was before the Acting Attorney General and having reevaluated those materials without any deference to his earlier decision, I have personally come to the conclusion that it is appropriate to ratify and affirm the final rule as it was published at 83 FR 66514, and I hereby do so.

Dated: March 11, 2019.

**William P. Barr,**

*Attorney General.*

[FR Doc. 2019–04799 Filed 3–12–19; 11:15 am]

**BILLING CODE 4410–FY–P**

---

**ENVIRONMENTAL PROTECTION AGENCY**

**40 CFR Part 52**

**[EPA–R04–OAR–2009–0226; FRL–9990–74–Region 4]**

**Air Plan Approval; GA: Emission Reduction Credits**

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Final rule.

**SUMMARY:** The Environmental Protection Agency (EPA) is taking final action to approve changes to the Georgia State Implementation Plan (SIP) to revise the emission reduction credits (ERC) regulation. EPA is approving portions of the SIP revision submitted by the State of Georgia, through the Georgia Department of Natural Resources' Environmental Protection Division (GA EPD) on September 15, 2008. The revision expands the eligibility for sources in Barrow County that can participate in the ERC Program, adds a provision for reevaluation of the Certificates of ERC, changes the administrative fees, and eliminates an exemption for certain types of ERCs. This action is being taken pursuant to the Clean Air Act (CAA or Act).

**DATES:** This rule is effective April 15, 2019.

**ADDRESSES:** EPA has established a docket for this action under Docket Identification No. EPA–R04–OAR–2009–0226. All documents in the docket are listed on the *www.regulations.gov* website. Although listed in the index, some information may not be publicly available, *i.e.,* Confidential Business Information or other information whose disclosure is restricted by statute. Certain other material, such as copyrighted material, is not placed on the internet and will be publicly available only in hard copy form. Publicly available docket materials are available either electronically through *www.regulations.gov* or in hard copy at the Air Regulatory Management Section, Air Planning and Implementation Branch, Air, Pesticides and Toxics Management Division, U.S. Environmental Protection Agency, Region 4, 61 Forsyth Street SW, Atlanta, Georgia 30303–8960. EPA requests that if at all possible, you contact the person listed in the **FOR FURTHER INFORMATION CONTACT** section to schedule your inspection. The Regional Office's official hours of business are Monday through Friday 8:30 a.m. to 4:30 p.m., excluding Federal holidays.

**FOR FURTHER INFORMATION CONTACT:** Madolyn Sanchez, Air Regulatory Management Section, Air Planning and Implementation Branch, Air, Pesticides and Toxics Management Division, U.S. Environmental Protection Agency, Region 4, 61 Forsyth Street SW, Atlanta, Georgia 30303–8960. Ms. Sanchez can be reached via telephone at (404) 562–9644 or via electronic mail at *sanchez.madolyn@epa.gov.*

**SUPPLEMENTARY INFORMATION:**

**I. Background**

On September 15, 2008, GA EPD submitted a SIP revision to EPA for approval that involves changes to Georgia's emissions reduction credits rule and the administrative fees found in Georgia Rule 391–3–1–.03(13). Rule 391–3–1–.03(13) provides for the creation, banking, transfer, and use of nitrogen oxides ($NO_X$) and volatile organic compounds (VOC) ERCs in Federally designated ozone nonattainment areas in Georgia and administrative fees associated with the ERC Program.

GA EPD oversees the ERC Program, which was created in 1999 and approved into Georgia's SIP on July 10, 2001. *See* 66 FR 35906. The ERC Program facilitates construction permitting for major emission sources that are subject to nonattainment new source review (NNSR) permitting in Georgia ozone nonattainment areas. Emissions point sources within the 25-county area surrounding Atlanta that require Best Available Control Technology and offset permitting are also eligible for the ERC Program.

The ERC Program allows eligible sources that voluntarily reduce emissions in the affected counties to certify and ''bank'' these reductions as ERCs for future use by themselves or others. The banked ERCs hold their value for ten years, at which point they begin devaluing ten percent per year until they have reached 50 percent of their original value. The ERC Program is intended to help the Atlanta area achieve compliance with federal standards for ground-level ozone. The ERC does not allow for any increase in emissions of $NO_X$ or VOC in the area to which it is applicable. In this action, EPA is approving the portion of Georgia's submission that makes changes to the applicability, discounting and revocation, and administrative fees sections of Rule 391–3–1–.03(13)—''Emission Reduction Credits.''

**II. Analysis of State's Submittals**

The September 15, 2008, SIP revision involves changes to Georgia's Rule 391–3–1–.03—''Permits'' paragraph (13)(a), which modifies eligibility to participate in the ERC Program for stationary sources in Barrow County by removing Barrow County from the list of counties with sources eligible to create and bank $NO_X$ and VOC ERCs only for electric generating units that have the potential to emit $NO_X$ and VOC emissions in amounts greater than 100 tons per year (tpy), and adding Barrow County to the list of counties with sources eligible to create and bank $NO_X$ and VOC ERCs for any stationary source that has the potential to emit $NO_X$ and VOC emissions in amounts greater than 100 tpy. This change expands the universe of stationary sources in Barrow County that may voluntarily reduce $NO_X$ and VOC emissions and then credit those reductions at an equal or reduced rate against future emissions of those pollutants—thus incentivizing overall emissions reductions. Accordingly, EPA is approving this change as SIP strengthening.