**SCHEDULED FOR ORAL ARGUMENT ON FRIDAY, MARCH 22, 2019**

# United States Court of Appeals
# for the District of Columbia Circuit

**No. 19-5042**
Consolidated with 19-5043, 19-5044

DAMIEN GUEDES; *et al.*,

*Plaintiffs – Appellants*,

FIREARMS POLICY COALITION, INC.,

*Plaintiff – Appellant*,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.,

*Defendants – Appellees*.

*Appeals from the United States District Court for the District of Columbia in Case no. 1:18-cv-02988-DLF-BAH, Dabney L. Friedrich*

## REPLY BRIEF FOR APPELLANTS
## DAVID CODREA, SCOTT HEUMAN and OWEN MONROE

STEPHEN D. STAMBOULIEH
STAMBOULIEH LAW, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
*Counsel for Appellants David Codrea, Scott Heuman and Owen Monroe*

ALAN ALEXANDER BECK
LAW OFFICE OF ALAN BECK
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Alan.alexander.beck@gmail.com
*Application submitted

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………..…….…..………….ii

GLOSSARY OF TERMS…………………………………………………………iv

SUMMARY OF THE ARGUMENT…………....………………..………..1

ARGUMENT……………………………………………………….…………1

    A. The ATF's Prior Construction of Machinegun was Correct…………..…..1

    B. This Court May Decide Unraised Questions of Law Under the Plain Error Doctrine to Prevent Miscarriages of Injustice……………………………….3

CONCLUSION………………………………………………...…….…….7

# TABLE OF AUTHORITIES

**Cases**

*Abramski v. United States*, 573 U.S. 169 (2014) ........................................................1

*Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204 (1988) ..........................................7

*Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) ........1, 4

*Encino Motorcars, LLC v. Navarro*, 136 S.Ct. 2117 (2016) ......................................6

*Flynn v. Commissioner*, 269 F.3d 1064 (2001) .........................................................3

*Freedom Ordnance Mfg, Inc., v. Brandon*, No. 16-234 2018 WL 7142127 (S.D. Indiana 2018) ............................................................................................................2

*ICORE, Inc. v. FCC*, 985 F.2d 1075 (D.C. Cir. 1993) ...............................................7

*Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994) ...................................................5

*McDonnell v. United States*, 136 S. Ct. 2355 (2016) ................................................5

*Rivers v. Roadway Express*, 511 U.S. 298 (1994) ....................................................6

**Statutes**

26 U.S.C. §5845(b) ............................................................................................ 2, 3, 5, 6

26 U.S.C. §7805(b) .....................................................................................................7

## GLOSSARY OF TERMS

| | |
|---|---|
| ATF | Bureau of Alcohol, Tobacco, Firearms and Explosives |
| JA | Joint Appendix |

## SUMMARY OF ARGUMENT

Defendants-Appellees' ("Appellees") brief offers little substance as to why the district court's denial of the Plaintiffs' preliminary injunction should be affirmed. Instead, there are glaring holes left unfilled by the Appellees' attempts at rewriting, not merely interpreting, a statute that Congress drafted in 1934 and that has remained largely unchanged since. For the reasons set forth in the Appellants' Opening Brief and this Reply, the district court's judgment should be vacated, and this Court should enter an injunction enjoining the Final Rule until such time that the Court can rule on the merits.

## ARGUMENT

Appellees and Appellants agree on one very important point: "the district court … should not have afforded the agency deference under *Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)…" (Appellees' Br. at 36). Indeed, we agree with the government that this Court must conduct a *de novo* review of the statute, rather than paying any deference to ATF's views which are "not relevant at all." *Abramski v. United States*, 573 U.S. 169, 191 (2014).

### A. The ATF's Prior Construction of Machinegun was Correct

Ironically, while implicitly conceding plaintiffs' point that the ATF's views are not relevant here, the government nonetheless insists that "the agency's longstanding interpretation of that term as a 'single pull of the trigger' for firearms with a standard

1

pull trigger is the best reading in light of the plain text of the statute." (Appellees' Br. at 18). However, not even the government can dispute that this "best reading" is brand new and that it is not the result of its own expertise but rather a consequence of a direct order of the President. *See* Guedes Plaintiffs' Br. at 23.

The actual expertise of the ATF is reflected in years of prior construction in which the ATF ruled that these bump stocks were not machineguns. For example, in 2017, the ATF set out its interpretation in *Freedom Ordnance Mfg, Inc., v. Brandon*, No. 16-234 2018 WL 7142127 (S.D. Indiana 2018), a matter noted by the Codrea plaintiffs (Br. at 5), but ignored by the government in its brief. There, the ATF construed "machinegun" to **exclude** the very same type of bump stocks at issue here because it found that bump firing "'requires the shooter to manually pull and push the firearm in order for it to continue firing.'" *Id*. As ATF explained, a bump stock thus does not shoot "automatically" within the meaning of 26 U.S.C. §5845(b), because "'bump firing is contingent on shooter input in pushing the weapon forward, *rather than mechanical input*, and is thus not an automatic function of the weapon.'" *Id*. (emphasis added).

The ATF's position in *Freedom Ordnance* was hardly an anomaly. In the classification letters, the ATF ruled that the bump stock was not a machinegun because "[t]he stock has no automatically functioning *mechanical parts or springs*

2

and performs no automatic *mechanical functions* when installed." JA278 (emphasis added).

Under this and previous expert ATF constructions, a "machinegun" is defined by the "mechanical functions" in the firearm itself, *without* any reference to additional "shooter input." This understanding and focus on "mechanical functions" makes sense under the plain language of Section 5845(b). That provision focuses on the "firearm" – not the shooter. A bump stock equipped semi-automatic firearm requires that the trigger be reset for each shot just like any other semi-automatic firearm. JA294-296. Each shot from a bump stock equipped firearm requires another "function of the trigger" and that does not happen without "shooter input" (in the form of a forward push of the fore-grip and constant rearward pressure on the device's extension ledge with the shooter's finger) for each shot. *Id*. Without that "shooter input", there is only one function of the trigger and the firearm only fires one shot. *Id*. Such a firearm simply does not operate "automatically" within the meaning of Section 5845(b). JA297.

### B. This Court May Decide Unraised Questions of Law Under the Plain Error Doctrine to Prevent Miscarriages of Injustice

The government notes that the Codrea plaintiffs did not raise retroactivity in district court and thus contends that the argument is forfeited here. "Generally, an argument not made in the lower tribunal is deemed forfeited and will not be entertained absent 'exceptional circumstances.'" *Flynn v. Commissioner*, 269 F.3d

3

1064, 1068-69 (2001). But, that rule is not "absolute" and discretion of this Court can be exercised in "exceptional circumstances involving … extraordinary situations with the potential for miscarriages of justice." *Id*. This case is precisely that situation.

This question turns on a pure question of law, *viz.,* whether the Rule construes the statute to operate retroactively. As detailed in the opening brief, the retroactivity argument was fully presented to[2] and expressly considered by the ATF in its final rule. The argument was thus fully preserved before the ATF. The standard of review of legal questions concerning the Rule is *de novo* in this Court. That the argument was not made in the district court is thus of little consequence, especially since the district court relied exclusively on *Chevron* deference below and thus never even attempted a *de novo* review. In contrast, on March 26, 2019, hundreds of thousands of Americans will become felons. On Dispossession Day, those that don't follow the news or read the Federal Register religiously will be felons for owning plastic devices that the ATF stated multiple times were not machineguns. If the Rule is illegally retroactive, then every prosecution under the Rule will result in a miscarriage of justice.

---

[2] On this issue of retroactivity, the ATF references the comments of Maryland Shall Issue. MSI comments can be found at
https://www.regulations.gov/document?D=ATF-2018-0002-15158. The Codrea plaintiffs adopted those comments at
https://www.regulations.gov/document?D=ATF-2018-0002-75886.

4

The government concedes (Br. at 38) that, under the Rule's reasoning, bump stocks have *always* been machineguns and thus have *always* been banned, but asserts that the "Rule will have practical effect only with respect to individuals who retain their bump stock." *Id*. at 39. Yet, in agreeing that the Rule is premised on the notion that bump stocks have *always* been illegal, the government does not dispute that the Rule necessarily construes the *statute* to criminalize existing owners *regardless* of the effective date of the Rule and *regardless* of whether there is a threat of prosecution. Thus, the ATF's promise not to prosecute except for possessions or transfers taking place after March 26, 2019, does not make the Rule any less retroactive in its interpretation of Section 5845(b). This case presents a matter of statutory interpretation. The government does not dispute that the courts "cannot construe a criminal statute on the assumption that the Government will 'use it responsibly.'" *McDonnell v. United States*, 136 S. Ct. 2355, 2373-74 (2016) (citation omitted).

The test for retroactivity is set out in *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994), where the Court held that question requires a court to determine "whether the new provision attaches new legal consequences to events completed before its enactment." As the Court explained, retroactivity turns on "familiar considerations of fair notice, reasonable reliance, and settled expectations" which "offer sound guidance." *Id*. Here, every existing bump stock owner reasonably

5

relied on ATF prior guidance which created "settled expectations" concerning the legality of bump stocks. That prior ATF guidance provided a reasoned and consistent "mechanical function" test for assessing whether a given device was a bump stock. The ATF has not only abandoned that test in the new Rule, but it has applied its new test retroactively to criminalize every single device that it previously expressly allowed. That the Rule is retroactive is beyond dispute.

The ATF never addressed reliance interests in the slightest in the final rule. At the very least, that failure to address those interests makes the rule arbitrary. *See Encino Motorcars, LLC v. Navarro*, 136 S.Ct. 2117, 2126-27 (2016) (focusing on reliance interests, noting "conclusory statements do not suffice"). In response, the government ignores *Encino* and states that the ATF was "aware of the monetary interests at stake," but then asserts that "no amount of reliance interest could change whether these devices are machine guns prohibited by statute." Appellees' Br. at 40. That assertion fails to grasp that the indisputably retroactive nature of the Rule in its construction of Section 5845(b) is proof positive that the ATF's interpretation cannot possibly be correct.

Quoting *Rivers v. Roadway Express*, 511 U.S. 298, 312-13 (1994), the government also states that the Rule merely "will be 'an authoritative statement of what the statute meant before as well as after the decision.'" Appellees' Br. at 39. Yet, that statement in *Rivers* concerned the power of a **court** to authoritatively state

6

what the law is before and after the decision.  Emphatically, that is **not** the function of agency rulemaking.  Without express Congressional authorization, **no** agency may engage in retroactive rulemaking of any kind.  *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 209 (1988).  That ban on retroactive rulemaking includes "curative" rules as well.  *See*, e.g., *ICORE, Inc. v. FCC*, 985 F.2d 1075, 1080-81 (D.C. Cir. 1993).  As pointed out in the opening brief (at 16) but ignored by the government, the ATF has no retroactive rulemaking authority.  To the contrary, 26 U.S.C. 7805(b), flatly bans retroactive rulemaking.  The ATF's Rule flies in the face of all these principles.

## CONCLUSION

For the foregoing reasons, this Court should reverse the judgment of the district court and grant Appellants' motion for a preliminary injunction and maintain the status quo before the rule goes into effect.

Respectfully submitted,

/s/ Stephen D. Stamboulieh
STEPHEN D. STAMBOULIEH
STAMBOULIEH LAW, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
*Counsel for Appellants David Codrea, Scott Heuman and Owen Monroe*

ALAN ALEXANDER BECK
LAW OFFICE OF ALAN BECK
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Alan.alexander.beck@gmail.com
*Application submitted

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

I hereby certify that:

1. This brief complies with requirements of Fed. R. App. P. 32(a)(7)(B) because it contains <u>1,579</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14 Point Times New Roman.

*<u>/s/Stephen D. Stambouliah</u>*
Stephen D. Stambouliah
Stambouliah Law, PLLC

# United States Court of Appeals
## for the District of Columbia Circuit

*Damien Guedes, et al v. ATF, et al.*, No. 19-5042, -5043, -5044

## CERTIFICATE OF SERVICE

    I, Stephen D. Stamboulieh, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

    On **March 14, 2019,** I electronically filed the foregoing **Brief** with the Clerk of Court using the CM/ECF System, which will serve, via e-mail notice of such filing, to any of the following counsel registered as CM/ECF users:

Joshua Prince
Adam Kraut
CIVIL RIGHTS DEFENSE FIRM, P.C.
Bechtelsville, PA 19505
(610) 845-3803
Joshua@princelaw.com
AKraut@princelaw.com
*Attorneys for Plaintiffs-Appellants*
*Damien Guedes, Shane Roden, Firearms*
*Policy Foundation, Madison Society*
*Foundation, Inc., and Florida Carry, Inc.*

Thomas C. Goldstein
Daniel Woofter
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue, Suite 850
Bethesda, MD 20814
(202) 362-0636
TGoldstein@goldsteinrussell.com
DHWoofter@goldsteinrussell.com
*Attorneys for Plaintiff-Appellant*
*Firearms Policy Coalition, Inc.*

Hashim M. Mooppan
Scott R. McIntosh
Abby Christine Wright
U.S. Department of Justice,
Civil Division, Appellate Staff
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-2000
abby.wright@usdoj.gov
scott.mcintosh@usdoj.gov
hashim.mooppan@usdoj.gov
*Counsel for Appellees ATF, et al.*

    Unless otherwise noted, the required paper copies will be filed with the Court by 4pm on March 15, 2019.

_____                           */s/ Stephen D. Stamboulieh*
                                                                             Counsel for Appellants