

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7256
Washington, DC 20530

Tel: (202) 514-7823

March 19, 2019

VIA CM/ECF

Mark Langer
Clerk of the Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, D.C. 20001

RE:     *Guedes v. Bureau of Alcohol, Tobacco, Firearms and Explosives*
           Consolidated Case Nos. 19-5042, 19-5043, 19-5044 (D.C. Cir.)
           **Oral Argument Scheduled on March 22, 2019**

Dear Mr. Langer:

     Pursuant to Federal Rule of Appellate Procedure 28(j), we write to inform the Court of the decision in *Aposhian v. Barr*, No. 19-cv-37 (D. Utah Mar. 15), *appeal docketed*, No. 19-4036 (10th Cir. Mar. 18, 2019), which denied a preliminary injunction against the same Department of Justice rule at issue in this case. A copy of the decision is attached for the Court's reference.

     The *Aposhian* court concluded that plaintiff had failed to demonstrate a likelihood of success on the merits because the Rule states the "best interpretation" of the terms "automatically" and "single function of the trigger." Op. 7 & n.8, 8, 10, 11. The court rejected plaintiff's interpretation of "single function of the trigger" as "refer[ing] to the mechanical movement of the trigger" in favor of the Rule's "shooter-focused interpretation." Op. 8. The court observed that "it makes little sense that Congress would have zeroed in on the mechanistic movement of the trigger in seeking to regulate automatic weapons." Op. 8. Instead, the term "function" serves "to forestall attempts by weapon manufacturers or others to implement triggers that need not be pulled, thereby evading the statute's reach." Op. 8-9.

     The *Aposhian* court likewise held that the Rule's interpretation of the term "automatically" was the best reading of the statute in light of the Seventh Circuit's

decision in *United States v. Olofson*, 563 F.3d 652 (7th Cir. 2009), and contemporaneous dictionary definitions. Op. 9. The court rejected plaintiff's argument that a shooter's pressure on the fore-stock or barrel-shroud of the weapon rendered the weapon non-automatic, concluding that "even weapons uncontroversially classified as machine guns require at least some ongoing effort by an operator." Op. 10.

Finally, the *Aposhian* court rejected arguments that the Rule's "allegedly political impetus" and its departure from prior classification rulings made the Rule arbitrary and capricious. Op. 10. As the court explained, the Rule's definitions of the terms at issue "represent the best interpretation of the statute" and were provided with full recognition of the fact that they reflected a change in the agency's prior conclusions about bump-stock-type devices. Op. 11.

Sincerely,

*s/ Brad Hinshelwood*
Brad Hinshelwood

Enclosures

cc:   Counsel of Record (via CM/ECF)