ORAL ARGUMENT HEARD ON MARCH 22, 2019

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Firearms Policy Coalition, Inc., CA 18-3083<br>*Plaintiff-Appellant*,<br>Damien Guedes, et al.,<br>*Plaintiffs-Appellants*,<br>v.<br>Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.,<br>*Defendants-Appellees*. | No. 19-5043<br><br>Consolidated with<br>Nos. 19-5042, 19-5044 |

## MOTION TO VOLUNTARILY DISMISS INTERLOCUTORY APPEAL IN 19-5043 ONLY, OR IN THE ALTERNATIVE TO STAY THE APPEAL IN 19-5043 ONLY

Plaintiff-appellant Firearms Policy Coalition, Inc. respectfully moves this Court under Fed. R. App. P. 42(b) to voluntarily dismiss the appeal in 19-5043. Based on today's oral argument, Plaintiff has decided to dismiss its appeal, in order to secure a final judgment in the district court, and to then appeal from that judgment. In the alternative, Plaintiff simply requests a stay of the appeal so that Plaintiff may seek leave to amend the complaint in light of the ratification and litigate the remaining issues pending before the district court to a final judgment. And appeal from the district court's final judgment to this panel is inevitable.

Considerations of judicial economy now weigh in favor of considering the case once, not twice.

Plaintiff believes that is the proper course for several reasons.

It makes it unnecessary for the Court to decide the significant issues raised by this appeal now—not just on an expedited basis but also on truncated briefing with respect to ratification and voluntary cessation.

It allows Plaintiff to move to amend its Complaint to respond to the ratification in ways that are relevant to the Court's eventual application of the voluntary cessation doctrine.

It allows the district court in the first instance to address several important issues—including ratification, voluntary cessation, and Plaintiff's entitlement to declaratory relief beyond the Rule itself.

It reflects the fact that the ratification obviates the bases for this Court's order granting an expedited appeal.

It allows Plaintiff to brief fully in the later appeal its Appointments Clause challenges, which are not subject to the ratification doctrine and which present serious substantive claims, but which the government contends are not preserved in the interlocutory appeal.

More broadly, this Court's practice is to resolve cases on appeals from final judgments when possible.

Plaintiff anticipates that its later appeal will be assigned to the same panel, avoiding any inefficiencies and any suggestion that Plaintiff is attempting to avoid a disposition of its appeal by this panel. Indeed, if the Court grants Plaintiff's alternative request for a stay, the appeal will remain with this panel as Plaintiff litigates the rest of the case to a final judgment before the district court. In either event, Plaintiff also will act expeditiously in the district court in order to ensure the case returns here promptly.

Plaintiff also notes that this case is unlike one in which an appellant briefs an appeal and simply seeks to dismiss the appeal after argument. The issues on appeal changed radically when the Attorney General ratified the Rule just last week, after Plaintiff's opening brief had already been filed. The dismissal is intended to address questions that arise from that intervening event. As noted, Plaintiff anticipates that the appeal will promptly return to this panel in a more appropriate posture.

Plaintiff finally notes that it attempted to put a final judgment before the panel immediately by securing a final judgment and pursuing an

3

expedited appeal but the government declined to consent, on the ground that the district court should first decide whether Plaintiff is entitled to relief beyond the Rule. It cannot be heard to complain that Plaintiff now seeks to allow the district court to resolve that issue.

Plaintiff sought the government's consent, proposing that the parties agree to voluntarily dismiss the appeal with each party to bear its own costs and fees. The government requested that its position be represented as follows: "The government opposes the motion. This appeal has been briefed and argued on an expedited basis at the plaintiff's request. Especially given plaintiff's professed concerns about evading judicial resolution of issues, the most efficient course of action at this point is for the Court to affirm the denial of the preliminary injunction against the enforcement of the rule and to vacate and dismiss the request for the preliminary injunction against the designation of the Acting Attorney General in these circumstances. For all of the reasons the government discussed at argument, plaintiff lacks standing to pursue the forms of relief it wishes to seek on remand, and judicial efficiency warrants putting an end to this plaintiff's case."

Dated: March 22, 2019

Respectfully submitted,

By: /s/ Thomas C. Goldstein

Thomas C. Goldstein
TGoldstein@goldsteinrussell.com
Daniel Woofter
DHWoofter@goldsteinrussell.com
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362-0636

*Attorneys for Plaintiff-Appellant Firearms Policy Coalition, Inc.*

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point New Century Schoolbook LT Std., a proportionally spaced font, and that it complies with the type volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 704 words, according to the count of Microsoft Word.

/s/ Thomas C. Goldstein
Thomas C. Goldstein

*Attorney for Plaintiff-Appellant Firearms Policy Coalition, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2019, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. All participants in the case are registered CM/ECF users, and service of the public version will be accomplished by the appellate CM/ECF system.

/s/ Thomas C. Goldstein
Thomas C. Goldstein

*Attorney for Plaintiff-Appellant Firearms Policy Coalition, Inc.*