UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **DAMIEN GUEDUES**, *et al.*, | |
| Appellants | No. 19-5042 |
| v. | Consolidated with No. 19-5044 |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES**, *et al.*, | |
| Appellees | |

## EMERGENCY JOINT MOTION TO MODIFY STAY ORDER

Pursuant to the D.C. Circuit Handbook of Practice and Internal Procedures 33 and in light of the Government's refusal to voluntarily stay the implementation and enforcement of the Final Rule until this Court has opportunity to rule on the underlying appeal, Appellants jointly and respectfully request that this Court modify its Order of March 23, 2019, or, in the alternative, clarify the Order, and aver in support:

1. On March 23, 2019, this Court issued an Order, *inter alia*, staying

> the effective date of the Bump-Stock Rule, 83 Fed. Reg. 66514 (Dec. 26, 2018), … in its application *only* as to the named Appellants in appeals Nos. 19-5042 and 19-5044, pending further order of this Court. The purpose of this stay is exclusively to give the Court

sufficient opportunity to consider the disposition of this highly expedited appeal, and should not be construed in any way as a ruling on the merits of the appeal. (Emphasis added.)

2.      In the Amended Complaint for the *Guedes* Plaintiffs-Appellants (No. 18-cv-2988 (D.D.C.) (lead), Doc. 9), Firearms Policy Foundation, Madison Society Foundation Inc., and Florida Carry, Inc., (the "Institutional Appellants") sued on behalf of themselves *and* their respective "members, supporters who possess all the indicia of membership, and similarly situated members of the public," including those "who own and possess, or would own and possess, 'bump-stock' devices that are or would be subject to the challenged Final Rule." Amended Compl., ¶¶ 9, 10, 11.

3.      Likewise, the *Codrea* Plaintiffs-Appellants (No. 18-cv-3086 (D.D.C.)) in their Motion for a Preliminary Injunction (Doc. 5-1, p. 24), Reply Brief (Doc. 18, p. 17), and Principal Brief before this Court (p. 29), requested a "systemwide preliminary injunction." See, *Armstrong v. Davis*, 275 F.3d 849, 870 (9th Cir. 2001)(holding that "[s]ystem-wide relief is required if the injury is the result of violations of a statute or the constitution that are attributable to policies or practices pervading the whole system (even though injuring a relatively small number of plaintiffs), or if the unlawful policies or practices affect such a broad range of plaintiffs that an

overhaul of the system is the only feasible manner in which to address the class's injury.")

    4.    As this Court is acutely aware, in relation to the issuance of a preliminary injunction enjoining the implementation and enforcement of the Final Rule, the Government has conceded that: (1) owners of bump-stock devices will be irreparably injured by the Final Rule, (2) the balance of equities tip in their favor, as the Government will not be harmed by the issuance of a preliminary injunction, and (3) the public interest favors compliance with the statutory limits imposed upon the Government. Thus, the sole issue is whether it is likely that the Appellants will succeed on the merits. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As the District Court found that the definition of machine gun in 26 U.S.C. § 5845(b) was ambiguous (Opinion 3, 16-27, and 29-30), and the Government concedes that *Chevron v. Nat. Res. Def. Council*, 467 U.S. 837 (1984) does not apply, based upon the rule of lenity and the Supreme Court's binding precedent in *United States v. Thompson/Ctr. Arms Co.*, 504 U.S. 505, 517-18 (1992)(holding that the rule of lenity applies to civil challenges to provisions of the National Firearms Act – 26 U.S.C. § 5801, *et seq.* – which is at issue in this matter), Appellants have not only established a likelihood

for success on the merits but have established a *significant* likelihood for success on the merits.

5. Even though Appellants have a significant likelihood for success on the merits, unless this Court modifies its Order to completely stay the Final Rule, or at least broaden it to include Institutional Appellants' members, supporters, and similarly situated members of the public, several hundred thousand individuals (83 Fed. Reg. 5537) will be threatened with imminent felony prosecution and loss of property they believe they lawfully acquired under the ATF's prior rulings and decades of policies and practices.

6. Accordingly, immediately after this Court issued the limited stay, Appellants inquired of the Government as to whether it would voluntarily agree to a complete stay of their implementation and enforcement of the Final Rule pending a final decision by this Court. At approximately 6:46 a.m. this morning, the Government stated that it was considering the request and would respond as soon as possible. After not receiving a response, at approximately 2:50 p.m. today, Appellants again inquired as to the Government's position, including informing the Government of Appellants' intent to file this motion and inquiring, in the event that the Government would not voluntarily agree to stay the implementation and enforcement of the Final Rule, if it would consent to all

4

or any of the relief sought in this motion. At 4:28 p.m., the Government responded that it would not voluntarily agree to a complete stay and that in relation to the *Guedes* Institutional Appellants, they will "review [our] filing and decide at that time how to respond."

7. For these reasons, Appellants jointly and respectfully request that this Court stay the effective date of the Final Rule until at least forty-eight hours [1] after this Court renders a final decision.

8. In the alternative, because the *Guedes* Institutional Appellants sued on behalf of their respective members and supporters and those similarly situated members of the public, Appellants jointly request that this Court clarify its Order of March 23, 2019, and declare that the Order includes their respective members, supporters, and those similarly situated members of the public.

9. As set forth *supra*, Counsel for Appellants contacted Counsel for the Appellees, and they stated that they oppose a complete stay and will decide how to respond to *Guedes* Institutional Appellants' request, once Appellants file this motion.

---

[1] The requested delay of forty-eight hours *post*-final decision is made so that in the event this Court rules against Appellants, they have time to seek a stay and/or review by the U.S. Supreme Court and so that individuals across the United States have at least some time to take appropriate action to avoid the serious criminal liability imposed on them by the Final Rule.

**WHEREFORE**, Appellants respectfully request that this Court modify the stay Order issued on March 23, 2019, to constitute a complete stay of the Final Rule, or in the alternative to clarify that the Order includes the Institutional Appellants' members, supporters, and similarly situated members of the public, until forty-eight hours after this Court renders a final decision.

Respectfully Submitted,

/s/ Joshua Prince
Joshua Prince, Esq.
D.C. Bar No. PA0081
Joshua@Civilrightsdefensefirm.com

/s/ Adam Kraut
Adam Kraut, Esq.
D.C. Bar No. PA0080
AKraut@Civilrightsdefensefirm.com

Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803 (t)
610-845-3903 (f)

*Counsel for Plaintiffs-Appellants*

/s/ Erik S. Jaffe
Erik S. Jaffe
D.C. Bar No. 440112
Schaerr | Jaffe LLP
1717 K Street NW
Suite 900

                    Washington, DC 20006
                    202-787-1060 (t)
                    ejaffe@schaerr-jaffe.com

*Of Counsel*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. 32(g), I certify this motion complies with the requirements of Fed. R. App. 27(d)(1)(E) because it has been prepared in 14-point Times News Roman, a proportionally spaced font, and that it complies with the type volume limitations of Fed. R. App. P. 27(d)(2)(A), because it contains 1088 words, according to the count of Microsoft Word.

Dated: March 24, 2019                    Respectfully Submitted,

/s/ Joshua Prince
Joshua Prince, Esq.
D.C. Bar No. 0081
Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803 (t)
610-845-3903 (f)
Joshua@Civilrightsdefensefirm.com
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2019, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    /s/ Joshua Prince
    Joshua Prince, Esq.