[ORAL ARGUMENT HELD ON MARCH 22, 2019]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

DAMIEN GUEDES, et al.

    Plaintiffs-Appellants,

    v.

BUREAU OF ALCOHOL, TOBACCO,
   FIREARMS, AND EXPLOSIVES, et al.

    Defendants-Appellees.

Consolidated Case
Nos. 19-5042, 19-5044

**OPPOSITION TO PLAINTIFFS' MOTION
TO MODIFY STAY ORDER**

The government opposes plaintiffs' motion to "modify" or otherwise "clarify" this Court's order of March 23, 2019, which "administratively stayed" the "effective date" of the Department of Justice rule at issue in this case "in its application only as to the named Appellants" in these appeals. Plaintiffs request that this Court enter a nationwide stay of the Rule—relief that plaintiffs lack standing to seek and that violates fundamental principles of equity. And plaintiffs' fallback request—for a stay that extends beyond the members of each group at issue here to a vaguely defined class of "supporters" and "similarly situated members of the public," Mot. 4—is likewise impermissible. Such sweeping relief is all the more inappropriate where this

Court has made explicit that the order "should not be construed in any way as a ruling on the merits of the appeal."

1. As a general matter, a plaintiff lacks standing to seek relief on behalf of other parties not before the Court. As the Supreme Court recently admonished, any "remedy" ordered by a federal court must "be limited to the inadequacy that produced the injury in fact that the plaintiff has established"; a court's "constitutionally prescribed role is to vindicate the individual rights of the people appearing before it"; and "'standing is not dispensed in gross': A plaintiff's remedy must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 138 S. Ct. 1916, 1921, 1933-34 (2018) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006)). Principles of equity dictate the same result: it is black-letter law that injunctions "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).

These principles apply with equal force to challenges to agency action, especially with respect to a nationwide *preliminary* injunction, an equitable tool designed merely to "preserve the relative positions of *the parties* until a trial on the merits can be held." *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added); *accord Zepeda v. INS*, 753 F.2d 719, 728 n.1 (9th Cir. 1983).

Applying these principles, courts have regularly rejected nationwide injunctions in cases involving challenges to agency rules. For example, in *Virginia Society for Human Life, Inc. v. Federal Election Commission*, 263 F.3d 379 (4th Cir. 2001), the Fourth Circuit vacated an injunction that precluded an agency from enforcing, against any entity, a regulation found to have violated the First Amendment. The court explained that an injunction covering the plaintiff "alone adequately protects it from the feared prosecution," and that "[p]reventing the [agency] from enforcing [the regulation] against other parties in other circuits does not provide any additional relief to [the plaintiff]." *Id.* at 393. The Fourth Circuit likewise squarely rejected the suggestion that the Administrative Procedure Act (APA) required such a result, applying traditional equitable principles to narrow the scope of the injunction. *Id.* at 393-94. Similarly, in *Los Angeles Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644 (9th Cir. 2011), the court vacated the nationwide aspect of the district court's injunction in an APA case based on the bedrock equitable rule that "'injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs' before the court." *Id.* at 664 (quoting *Yamasaki*, 442 U.S. at 702).

This Court's decision in *National Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1410 (D.C. Cir. 1998), does not counsel a different result. The APA's use of the language "set aside," does not say "set aside" as *to whom*, 5 U.S.C. § 706, and should not be lightly construed to displace traditional equitable principles, *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 313 (1982). In any event, that language does not apply to

3

*preliminary* equitable relief (let alone an *administrative* stay), especially since 5 U.S.C. § 705 emphasizes that such relief must be focused on the parties' irreparable injury.

These bedrock Article III and equitable principles prevent litigants from circumventing other basic features of litigation in the federal courts. Issuing injunctions that provide relief to non-parties subverts the class-action mechanism provided under the Federal Rules of Civil Procedure, *see McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997); *Zepeda*, 753 F.2d at 727-28, and creates a fundamentally inequitable asymmetry, whereby non-parties can claim the benefit of a single favorable ruling, but are not bound by a loss. Relatedly, an injunction that extends beyond a plaintiff's injury to cover potential plaintiffs nationwide undermines the Supreme Court's holding "that nonmutual offensive collateral estoppel simply does not apply against the government." *United States v. Mendoza*, 464 U.S. 154, 162 (1984). And these effects are particularly pronounced here, where no plaintiff has succeeded in obtaining a preliminary injunction against the Rule on the merits, in this Court or any other, and this Court's temporary stay explicitly disclaims any intent to reflect a view of plaintiffs' likely success on the merits.

2. Plaintiffs do not attempt to square their request with these fundamental principles. The Court's order already provides plaintiffs with complete relief: the effective date of the Rule is stayed as to them, and plaintiffs wholly fail to explain how *they* require, or even will benefit from, relief extended to parties not before this Court. Moreover, plaintiffs have not sought to certify a class action, and the only case they

4

cite concerns the entry of broad injunctive relief after a certified class prevailed on the merits. *Armstrong v. Davis*, 275 F.3d 849, 868, 870-72 (9th Cir. 2002).

Nor can plaintiffs expand the scope of relief by asserting that they represent an undefined class of "supporters" and "similarly situated members of the public." Mot. 2. As this Court has explained, "'[a]n association only has standing to bring suit on behalf of its *members* when its *members* would otherwise have standing to sue in their own right,'" and mere support or common interest "is not the same as membership." *Gettman v. DEA*, 290 F.3d 430, 435 (D.C. Cir. 2002) (quoting *Fund Democracy, LLC v. SEC*, 278 F.3d 21, 25 (D.C. Cir. 2002)) (emphasis in original). Indeed, this Court has specifically rejected the proposition that a mere assertion that an organization has "supporters" is enough to provide associational standing. *Fund Democracy*, 278 F.3d at 26. In addition, plaintiffs' complaint provides no information about their purported "supporters" and their relationship to the organization. Mot. 2.

For these reasons, no modification or clarification of this Court's order is required. This Court properly limited the relief granted to the named plaintiffs, which extends relief to the organizations and their bona fide members, not supporters or members of the general public.

        Respectfully submitted,

        JOSEPH H. HUNT
          Assistant Attorney General

        HASHIM M. MOOPPAN
          Deputy Assistant Attorney General

        MICHAEL S. RAAB

        /s/ Abby C. Wright.
        ABBY C. WRIGHT
        BRAD HINSHELWOOD
          Attorneys, Appellate Staff
          Civil Division
          U.S. Department of Justice
          950 Pennsylvania Ave., N.W.
          Room 7252
          Washington, D.C. 20530

MARCH 2019

## CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,215 words.

/s/ *Abby C. Wright*
Abby C. Wright

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2019, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                       /s/ *Abby C. Wright*
                                                      Abby C. Wright