UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

| | |
|---|---|
| **DAMIEN GUEDUES,** *et al.*, | : |
| **Appellants** | : No. 19-5042 |
| | : Consolidated with |
| v. | : No. 19-5044 |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,** *et al.*, | : |
| **Appellees** | : |

---

# REPLY IN SUPPORT OF EMERGENCY JOINT MOTION TO MODIFY STAY ORDER

The Government's opposition to Appellants' Emergency Motion is both unpersuasive and wrong as a matter of law. This Court should grant the Emergency Motion as it is empowered by law to do in order to protect hundreds of thousands of Americans who currently own and possess an affected device – on reliance of the text of the statutes, not to mention decades of ATF interpretation of those statutes and its express written opinions affirmatively stating that the devices are *legal to make, buy, and own* – and, if the Motion is not granted, would be subject to severe criminal liability.

Injunctions against unlawful executive action can plainly extend beyond the named parties. That is largely the point of APA challenges and applies in other cases as well. The Supreme Court, for example, rejected a comparable argument in one of the Travel Ban cases. *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087–88 (2017) (discussing and approving, in large part, "injunctions that covered not just respondents, but parties similarly situated to them—that is, people or entities in the United States who have relationships with foreign nationals abroad, and whose rights might be affected if those foreign nationals were excluded.")

The Government's position is that "no modification or clarification of this Court's order is required," and that this "[t]his Court properly limited the relief granted to the named plaintiffs, which extends relief to the organizations and their bona fide members…" Opp. at 5. It may be true that the relief reached the Institutional Appellants' members, but this Court's Order has not unequivocally stated that they are protected. Thus, if it is the opinion of this Court that the March 23 Stay Order does in fact include those members, it should, at minimum, grant Appellants' Emergency Motion to ensure that the people so affected by the stay, and those charged with enforcing the Final Rule, may confidently rely on it.

But the Government also says that the current Stay Order does not reach the Institutional Appellants' "supporters or members of the general public." If that is true, then Appellants respectfully request that the Court grant its Emergency Motion to ensure that all persons who could otherwise face prosecution and loss of property be so included in the class protected by the Stay Order for at least until 48-hours following the Court's disposition of the Motion for Preliminary Injunction that is currently pending.

Contrary to the Government's assertion, this Court has authority to extend the relief to those affected persons beyond the named Appellants. As the Supreme Court has made clear, "the scope of injunctive relief" must be "dictated by the extent of the violation established." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). When an Executive Branch policy violates a statute or the Constitution, it is invalid in all its applications and must be struck down on its face. *See, e.g., Util. Air Regulatory Grp. v. EPA*, 134 S. Ct. 2427, 2449 (2014); *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409-10 (D.C. Cir. 1998). In particular, "a facial challenge" is a "proper response to the systemic disparity between [a] statutory standard" and an Executive Branch policy. *Sullivan v. Zebley*, 493 U.S. 521, 536 n.18 (1990).

The Government's claim that Article III requires a narrower injunction is irreconcilable with these precedents. If accepted, that position would eliminate courts' power to award facial relief at all. No precedent supports this radical proposition; the cases the Government cites merely hold that courts must limit injunctive relief to the policy or provision "that produced the injury in fact that the plaintiff has established." *Lewis v. Casey*, 518 U.S. 343, 357 (1996); *see Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (instructing courts to consider whether "the challenged provisions" should be enjoined); *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 106 (1983) (considering whether plaintiff has standing to obtain injunction against "the City's [chokehold] policy").

Respondents have refused to voluntarily stay their enforcement of the Final Rule. As such, the Court's currently-limited stay, which the Government suggests be maintained, is both inadequate and impractical. Targeted relief will not eliminate the profound and incredibly broad implications of the Final Rule taking effect at midnight tonight. Further, as a practical matter, limiting the relief to the individual Appellants will lead to dozens if not thousands of additional emergency suits seeking relief for the thousands of similarly situated parties throughout the United States.

4

**WHEREFORE**, Appellants respectfully request that this Court modify the stay Order issued on March 23, 2019.

Respectfully Submitted,

/s/ Joshua Prince
Joshua Prince, Esq.
D.C. Bar No. PA0081
Joshua@Civilrightsdefensefirm.com

/s/ Adam Kraut
Adam Kraut, Esq.
D.C. Bar No. PA0080
AKraut@Civilrightsdefensefirm.com

Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803 (t)
610-845-3903 (f)

*Counsel for Plaintiffs-Appellants*

/s/ Erik S. Jaffe
Erik S. Jaffe
D.C. Bar No. 440112
Schaerr | Jaffe LLP
1717 K Street NW
Suite 900
Washington, DC 20006
202-787-1060 (t)
ejaffe@schaerr-jaffe.com

*Of Counsel*

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. 32(g), I certify this motion complies with the requirements of Fed. R. App. 27(d)(1)(E) because it has been prepared in 14-point Times News Roman, a proportionally spaced font, and that it complies with the type volume limitations of Fed. R. App. P. 27(d)(2)(A), because it contains 771 words, according to the count of Microsoft Word.

Dated: March 25, 2019                    Respectfully Submitted,

/s/ Joshua Prince
Joshua Prince, Esq.
D.C. Bar No. 0081
Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803 (t)
610-845-3903 (f)
Joshua@Civilrightsdefensefirm.com
*Counsel for Plaintiffs-Appellants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2019, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                /s/ Joshua Prince
                                                Joshua Prince, Esq.