No. 19-1298

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| GUN OWNERS OF AMERICA, INC., et al., | ) | |
|  | ) | FILED |
| Plaintiffs-Appellants, | ) | Mar 25, 2019 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | O R D E R |
|  | ) | |
| WILLIAM P. BARR, U.S. Attorney General, et al., | ) | |
|  | ) | |
| Defendants-Appellees. | ) | |

Before: COLE, Chief Judge; KEITH and CLAY, Circuit Judges.

The plaintiffs appeal the denial of their motion for a preliminary injunction in this action challenging the final rule of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") regulating bump stocks. Bump-Stock-Type Devices, 83 Fed. Reg. 66514, 2018 WL 6738526 (Dec. 26, 2018) ("Final Rule"). The Final Rule is effective on March 26, 2019, and the plaintiffs move to stay the effective date pending appeal.

The Final Rule amends ATF regulations

> to clarify that bump-stock-type devices—meaning "bump fire" stocks, slide-fire devices, and devices with certain similar characteristics—are "machineguns" . . . because such devices allow a shooter of a semiautomatic firearm to initiate a continuous firing cycle with a single pull of the trigger. Specifically, these devices convert an otherwise semiautomatic firearm into a machinegun by functioning as a self-acting or self-regulating mechanism that harnesses the recoil energy of the semiautomatic firearm in a manner that allows the trigger to reset and continue firing without additional physical manipulation of the trigger by the shooter. Hence, a semiautomatic firearm to which a bump-stock-type device is attached is able to produce automatic fire with a single pull of the trigger.

Bump-Stock-Type Devices, 83 Fed. Reg. at 66514. The Final Rule provides that current possessors of bump stock-type devices "will be required to destroy the devices or abandon them at an ATF office prior to" the effective date of March 26, 2019. *Id.*

The plaintiffs must demonstrate "that the circumstances justify" the exercise of discretion to grant a stay. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Four factors guide our consideration: (1) whether they have a likelihood of success on the merits; (2) whether they will suffer irreparable harm in the absence of a stay; (3) whether the requested stay will substantially injure other interested parties; and (4) where the public interest lies. *Id*. at 434. The final two stay factors, the harm to others and the public interest, "merge when the Government is the opposing party." *Id*. at 435.

In addressing the plaintiffs' likelihood of success on the merits, we consider the likelihood that they can demonstrate an abuse of discretion by the district court in denying preliminary injunctive relief. *See Mich. St. A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 662 (6th Cir. 2016). The plaintiffs have not shown the likelihood of an abuse of discretion. We also note that two other district courts have denied preliminary relief enjoining the Final Rule. *See Aposhian v. Barr*, 2019 WL 1227934 (D. Utah Mar. 15, 2019), *appeal docketed*, No. 19-4036 (10th Cir. Mar. 18, 2019); *Guedes v. ATF*, 356 F. Supp. 3d 109 (D.D.C. 2019), *appeal docketed*, Nos. 19-5042/5043/5044 (D.C. Cir. Feb. 26, 2019).

The government concedes that the plaintiffs will suffer irreparable harm if the implementation of the Final Rule is not enjoined. However, the public interest in safety supports the denial of a stay pending appeal.

No. 19-1298
-3-

Balancing these factors, we conclude that a stay pending appeal is not warranted. Accordingly, the motion for a stay pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk